```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

MICHAEL CLEMENS ULHORN,      )
                             )
          Plaintiff,         )
                             )
     v.                      )     1:18cv137
                             )
KIMBERLY MICHELLE FLETCHER,  )
                             )
          Defendant.         )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This is a civil action brought by Plaintiff Michael Ulhorn against Defendant Judge Kimberly Fletcher, both in her individual capacity and in her official capacity as District Court Judge of the Eighteenth Judicial District of North Carolina, for allegedly depriving Ulhorn of his constitutional rights and participating in a conspiracy to commit fraud against him during her adjudication of child support proceedings to which Ulhorn was a party. In a previous order (Doc. 11), the court dismissed Ulhorn's claims against all other defendants for lack of timely service pursuant to Federal Rule of Civil Procedure 4(m). Judge Fletcher now moves to dismiss Ulhorn's remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5), & (6). (Doc. 6.) For the reasons set forth below, the motion will be granted and the action will be dismissed.

## I. BACKGROUND

The allegations of the complaint, which are accepted as true and viewed in the light most favorable to Ulhorn for purposes of this motion to dismiss, show the following:

Beginning at least as early as October 15, 2013, Judge Fletcher presided over Ulhorn's child support proceedings in Alamance County, North Carolina. (Doc. 1 at 4–5.) Also party to the proceedings was Susan Haley, represented by her attorney, William Livesay. (Id. at 6.) During the proceedings, Haley allegedly filed fraudulent tax returns and other financial documents in order to obtain increased child support payments from Ulhorn; Judge Fletcher disregarded Ulhorn's protests regarding those documents. (Id.) Further, Judge Fletcher allegedly denied Ulhorn the opportunity to present evidence supporting his arguments in various motions and hearings. (Id.) The judge also allegedly threatened Ulhorn with sanctions on multiple occasions, including the initiation of a show-cause order against him for failing to provide the court with certain financial documents, and ultimately ordered him jailed for 30 days for contempt. (Id.) Judge Fletcher declined to sanction Haley or Livesay, despite an alleged multiplicity of bad acts on their parts. (Id.) In addition, Judge Fletcher allegedly altered one of her existing orders, in violation of the law,to allow Haley an additional chance to comply. (Id.) Finally, the judge allegedly denied

2

Ulhorn's requests for a jury trial and "issued orders prohibiting [him] from reporting on facts of the case." (Id.)

On February 26, 2018, Ulhorn filed a pro se complaint in this court. (Id. at 1.) His surviving claims are that Judge Fletcher, under color of law, deprived him of his federal constitutional rights under the First, Fifth, Seventh, and Fourteenth Amendments, and that she participated in a conspiracy to commit fraud against him.[1] (Id. at 4, 6, 7.) Ulhorn demands damages, injunctive and declaratory relief, and attorney's fees. On March 19, 2018, Judge Fletcher filed this motion to dismiss. (Doc. 6.) On April 13, Ulhorn was sent a Roseboro letter[2] advising him of his right to respond and the likelihood that his failure to do so might result in his case being dismissed. (Doc. 9.) Ulhorn has failed to respond.

---

[1] Ulhorn also appears to claim injuries under a variety of federal criminal statutes. (Doc. 1 at 4.) To the extent that he requests that the court "[p]unish the Defendant[] for [her] criminal actions against the Plaintiff . . . and/or refer the criminal actions to the FBI" (id. at 7), these claims are dismissed for lack of standing, see Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent Ulhorn means to claim that he has federal rights under these criminal statutes and brings suit under 42 U.S.C. 1983 for deprivation of those rights under color of law, these claims are based on the same alleged facts as his constitutional claims and are dismissed for the same reasons discussed in this opinion.

[2] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

## II. ANALYSIS

Although Judge Fletcher's motion to dismiss is unopposed and may ordinarily be granted on that basis, see Local Rule 7.3(k), the court must examine the motion on its merits, see Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005). Federal Rule of Civil Procedure 8(a) provides that a complaint must set out a short and plain statement of both the grounds for the court's jurisdiction as well as the pleader's entitlement to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted).

As a pro se litigant, Ulhorn is entitled to a liberal construction of his complaint. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, this liberal construction does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d

4

538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the pro se litigant. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

**A. Claims Against Judge Fletcher in Her Official Capacity**

Judge Fletcher first argues that Ulhorn has not properly served her in her official capacity as District Court Judge of the Eighteenth Judicial District of North Carolina, and that — as a result — this court has no personal jurisdiction over her regarding Ulhorn's official-capacity claims.

While federal courts ordinarily resolve doubts about subject matter jurisdiction first, "a federal court may decide a straightforward question concerning personal jurisdiction without first determining that it has subject-matter jurisdiction" over the claims in question. Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999)). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Although service is not invalidated by "every technical violation of the rule or failure of strict compliance," nevertheless "the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v.

5

Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). The burden is on the plaintiff to show grounds for personal jurisdiction; on a pretrial motion to dismiss without an evidentiary hearing, that burden is only to make a "prima facie case" for personal jurisdiction. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

Ulhorn's claims against Judge Fletcher in her official capacity are treated as claims against the government entity of which she is an agent. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the officer personally, for the real party in interest is the entity." (emphasis in original)). As a result, service of Ulhorn's official-capacity claims is proper only if it is proper on the government entity to which Judge Fletcher is an agent, here the District Court Division of the General Court of Justice of North Carolina. (Doc. 1 at 2.) See, e.g., Burke v. Hill, No. 2:17-CV-1-FL, 2017 WL 4969687, at *3 (E.D.N.C. Oct. 31, 2017) (treating official-capacity claims as claims against underlying government entity for purposes of evaluating whether defendant was properly served); see also N.C. Const. art. IV, § 2 (establishing District Court Division of the General Court of Justice).

6

Service on a state entity is proper where the summons and complaint are delivered to the state's chief executive officer or served as prescribed by that state's law. Fed. R. Civ. P. 4(j)(2). Under North Carolina law, service may be made on a state agency by personally delivering, mailing via registered or certified mail, or depositing with a designated delivery service a copy of the summons and complaint addressed to the state-designated process agent. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4); see also id. (defining "agency of the State" to include every "department, division, . . . or officer of the State government"). If the state agency fails to designate a process agent, the agency may instead be served through the same means on the state Attorney General or a deputy or assistant attorney general. Id. Ulhorn does not allege service on the State of North Carolina in any of these ways. (Doc. 3). As a result, Ulhorn fails to make even a "prima facie case," Mylan Labs., 2 F.3d at 60, for this court's personal jurisdiction over Judge Fletcher for purposes of his official-capacity claims. Those claims are therefore dismissed.

**B.   Claims Against Judge Fletcher in Her Personal Capacity**

    **1.   Claims Under First and Seventh Amendments**

Judge Fletcher next argues that this court lacks subject matter jurisdiction over Ulhorn's claims under the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine "prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)) (omission in original); see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) ("The jurisdiction possessed by the District Courts is strictly original," id. at 416.); Dist. Of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Supreme Court specified that the doctrine is "confined to cases of the kind from which it acquired its name: cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the federal district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Id. at 284.[3] Where, on the other

---

[3] The Fourth Circuit recently noted that a strict construction of Exxon's pronouncement that the Rooker-Feldman doctrine is "confined to cases of the kind from which it acquired its name" would lead to the conclusion that the doctrine only applies when lower federal courts are invited to review a judgment from "the highest court of a State in which a decision could be had." Thana v. Bd. of License Comm'rs for Charles County, Md., 827 F.3d 314, 321 (4th Cir. 2016) (first quoting Exxon, 544 U.S. at 284; and then quoting 28 U.S.C. § 1257(a)) (emphasis in original). Since the Thana court stated that such a thesis would only be consistent with Exxon "if we apply [Exxon's language] strictly," id., and since the Thana court did not expressly adopt such a strict reading, this court joins several of its peers in "not read[ing] Thana's holding to overrule [the Fourth Circuit's] prior binding precedent that Rooker-Feldman may apply to final judgments from lower state courts." Pounds v. Portfolio Recovery Assocs., LLC, No. 1:16CV1395, 2018 WL 1583670, at *4 (M.D.N.C. Mar. 28, 2018); see Johnson v. Byrd, No. 1:16CV1052, 2016 WL 6839410, at *5-7 (M.D.N.C. Nov. 21, 2016), appeal dismissed, 693 Fed. App'x 219 (4th Cir. 2017) (per curiam). Furthermore, the Fourth Circuit has since relied

8

hand, the plaintiff "presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." Skinner v. Switzer, 562 U.S. 521, 532 (2011) (citation and internal quotation marks omitted).

Ulhorn's remaining First and Seventh Amendment claims do not survive even the narrow test articulated in Exxon. The injuries Ulhorn alleges in those claims, as best the court can make them out, are the direct effects of the state court judgment: that the inability to "report[] on facts of the case" allegedly violates his First Amendment rights, and that the inability to be heard by a jury allegedly violates his Seventh Amendment rights. (Doc. 1 at 4, 6.) Since these injuries are not independent claims but are rather "caused by [the] state-court judgments" themselves, Ulhorn can only be asking the court to "review and reject[]" those judgments. Exxon, 544 U.S. at 284. (See also Doc. 1 at 7 (asking the court to "recall all of the orders and rulings [Judge Fletcher] made involving [Ulhorn]").) This the court cannot do. See, e.g, Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006) ("A claim seeking redress for an injury caused by the state-court

---

on its pre-Thana precedent in acknowledging that lower federal courts may consider "neither adjudications of the state's highest court nor decisions of its lower courts" under the Rooker-Feldman doctrine. LaMar v. Ebert, 681 Fed. App'x 279, 287 (4th Cir. 2017) (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997)) (internal quotation marks omitted).

decision itself . . . asks the federal district court to conduct an appellate review of the state court decision. Exxon clarifies . . . that only the Supreme Court may review state-court decisions."). Ulhorn's First and Seventh Amendment claims are therefore dismissed for lack of subject matter jurisdiction.

Ulhorn's Due Process Clause and civil conspiracy claims, however, are independent from the state-court judgments to which they are related.[4] Ulhorn claims that he is the victim of Judge Fletcher's "undeniable bias against [him]" in violation of his due process rights, and that Judge Fletcher also "conspire[ed] to commit fraud against [him]." (Doc. 1 at 6.) Since Ulhorn could theoretically recover damages for such injuries without any review of the related state court judgments, these claims survive Rooker-Feldman. See, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 172 (3rd Cir. 2010) ("[An] alleged agreement to reach a predetermined outcome in a case would itself violate [a litigant's] constitutional rights, independently of the subsequent state-court decisions."); Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995) (noting that a due process claim by a

---

[4] To the extent Ulhorn's Due Process Clause claims include claims to recover costs associated with his contempt jailing and subsequent release, or to recover directly for any adverse rulings, these alleged injuries are also the direct results of the state-court judgments and are dismissed for the same reasons discussed above. The Due Process Clause claim that survives is that Ulhorn was denied his right "to an impartial and disinterested tribunal." Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980).

10

state court loser against state judges on the basis of an allegedly rigged court system invokes an "independent right" and that such a litigant "can, without being blocked by the Rooker-Feldman doctrine, sue to vindicate that right and show as part of his claim for damages that the violation caused the decision to be adverse to him and thus did him harm"). Nevertheless, these claims fail for the reasons that follow.

**2. Due Process Clause and Civil Conspiracy Claims**

**a. Claims for Damages**

Judge Fletcher argues that Ulhorn's remaining claims are barred by the doctrine of judicial immunity.

The Supreme Court has repeatedly stated that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. 335, 351 (1871). "[A judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." Pierson v. Ray, 386 U.S. 547, 554 (1967). Instead, a judge will only be liable in a civil suit for "nonjudicial actions" or actions "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991)

11

(citations omitted). For purposes of a judicial immunity determination, "the scope of the judge's jurisdiction must be construed broadly." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Ulhorn's claims for damages on the basis of civil conspiracy and judicial bias in violation of his due process rights are barred under this standard. All of the acts attributed to Judge Fletcher in the complaint were carried out pursuant to her role in the adjudicative process, and an act "does not become less judicial by virtue of an allegation of malice or corruption of motive." Forrester v. White, 484 U.S. 219, 227 (1988) (citation omitted). And Ulhorn makes no allegation — nor would such an allegation be plausible — that the judge acted "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 12. North Carolina law provides that "[t]he district court division is the proper division . . . for the trial of civil actions and proceedings for . . . child support," N.C. Gen. Stat. § 7A-244, and Ulhorn admits that Judge Fletcher was the district court judge presiding over his child support case. (Doc. 1 at 6-7.) As a result, Ulhorn's remaining claims for damages are barred by judicial immunity and are therefore dismissed.

### b.  Claims for Injunctive Relief

The Supreme Court concluded that common-law "judicial immunity is not a bar to prospective injunctive relief against a

judicial officer acting in her judicial capacity."[5]  Pulliam v. Allen, 466 U.S. 522, 541–42 (1984).  However, Congress effectively overrode this determination via the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847.  FCIA, as codified in 42 U.S.C. § 1983 — under which Ulhorn's claims are brought — provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Since Judge Fletcher violated no declaratory decree, and since declaratory relief was not unavailable, Ulhorn's claims for injunctive relief are barred by statute and are therefore dismissed.

### c. Claims for Declaratory Relief

In the Fourth Circuit, "a district court should normally entertain a declaratory judgment action when it finds that the declaratory relief sought: (1) will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th Cir. 1998) (citation and internal quotation marks omitted).  In making this

---

[5] Neither is judicial immunity a bar to declaratory relief.  Foster v. Fisher, 694 Fed. App'x 887, 889 (4th Cir. 2017).

determination, district courts are to be guided by "such considerations as federalism, efficiency, and comity." Id. Ulhorn has not specified the declaratory relief he requests; rather, the complaint only demands whatever "declaratory relief as this Court deems appropriate and just." Here, the court finds that a declaratory judgment in this case would serve no useful purpose. In fact, the federalism concerns inherent in an action against a state judge for her judicial acts, along with the interest of the State of North Carolina in resolving this dispute in its own courts, and the nebulous nature of the declaratory relief Ulhorn requests, all weigh in favor of declining to exercise jurisdiction over Ulhorn's declaratory claims. These claims are therefore dismissed.

### d. Claims for Attorney's Fees

Title 42, United States Code, section 1988(b) provides that, in § 1983 actions like the instant one, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." 42 U.S.C. § 1988(b). The Supreme Court has stated that "liability on the merits and responsibility for fees go hand

in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." Graham, 473 U.S. at 165. Here, the court has found that all of Judge Fletcher's alleged acts were taken in her judicial capacity and were not taken in the complete absence of jurisdiction. See supra Part II.B.2.a. Furthermore, Ulhorn has not prevailed against Judge Fletcher. As a result, granting Ulhorn's request for an award of attorney's fees under § 1988 or for any other reason would be inappropriate.

## III. CONCLUSION

For the reasons set forth above,

IT IS THEREFORE ORDERED that Judge Fletcher's motion to dismiss (Doc. 6) is GRANTED and that Ulhorn's complaint (Doc. 1) is DISMISSED WITH PREJUDICE except for his official-capacity claims, as well as his claims under the First and Seventh Amendments, which are DISMISSED WITHOUT PREJUDICE.

                                        /s/   Thomas D. Schroeder
                                       United States District Judge

August 24, 2018